1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11

JAMES ANTHONY LOAIZA,

                             Petitioner,

               v.

RAYMOND MADDEN,[1] Warden,

                           Respondent.

12

13

14

15

16

Case No. LACV 16-5703-JWH (LAL)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]     According to the California Department of Corrections and Rehabilitation's online inmate locator, Petitioner is now housed at the Richard J. Donovan Correctional Facility.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, this Court substitutes Raymond Madden, the current warden at the Richard J. Donovan Correctional Facility, as the proper Respondent.

1    Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended

2  Petition, the Magistrate Judge's Report and Recommendation, Respondent's

3  Objections and Alternative Request for Evidentiary Hearing, Petitioner's Response

4  to Request for Hearing, and the remaining record, and it has made a *de novo*

5  determination.

6    Respondent's Objections generally lack merit for the reasons stated in the

7  Report and Recommendation.  The Court elaborates, however, on several of

8  Respondent's points presented in the Objections and Alternative Request for

9  Evidentiary Hearing.

10    First, Respondent initially did not dispute the authenticity or accuracy of the

11  911 call transcript presented with the original Petition.  (Dkt. 26 at 26.)

12  Nevertheless, in the Objections and Alternative Request for Evidentiary Hearing,

13  Respondent argues that the transcript that Petitioner has presented is slightly

14  different from the transcript that Respondent located in the prosecutor's file.

15  Specifically, where the transcript that Petitioner presents reflects that Abundis said

16  "a male" (Dkt. 7-3 at 31), the prosecution's transcript simply reads "males"

17  (Dkt. 87 at 24; Dkt. 89 at 3; Dkt. 89-1 at 2).  The Court's analysis, however, is not

18  materially changed, even if the transcript read "males" instead of "a male."

19    Second, Respondent suggests that an evidentiary hearing is required, in part,

20  to establish whether trial counsel possessed both the defense and the prosecution

21  versions of the 911 call transcript and, therefore, might have decided that there

22  "was little to be gained" by impeaching Abundis in light of the slight discrepancy

23  between the two versions of the transcript.  (Dkt. 89 at 3-4.)  The Court is not

24  persuaded.  As discussed in the Report and Recommendation, even accepting the

25  prosecution's version of the transcript, the 911 call is devastating to Abundis's

26  credibility, and the Court's analysis would not be altered based upon whether trial

27  counsel possessed one or both of the competing versions of the 911 call transcript.

28

1    Third, Respondent argues an evidentiary hearing is required to discover

2   whether Petitioner's trial counsel had a tactical reason for not impeaching Abundis

3   with the 911 call.  (Dkt. 89 at 4.)  The Court concludes that an evidentiary hearing

4   is not required.  There is no reasonable tactical justification for trial counsel's

5   failure to impeach the prosecution's key witness with this objective evidence

6   contradicting his trial testimony.  *See Reynoso v. Giurbino*, 462 F.3d 1099, 1112

7   (9th Cir. 2006) (where some facts before the court were not entirely clear, the court

8   did not need to "resolve it—or, as the dissent suggests, remand to the district court

9   to resolve it" where the trial counsel's failure to impeach key prosecution

10   witnesses cannot under any theory be deemed a "sound trial strategy").

11    Fourth, Respondent requests an evidentiary hearing to address whether the

12   prosecution failed to disclose the dog scent evidence.  (Dkt. 89 at 4.)  Yet, despite

13   having access to the prosecution file and presenting the prosecution's version of

14   the 911 call transcript that Respondent located in that file (Dkt. 87 at 32 n.14;

15   Dkt. 89 at 3, 6; Dkt. 89-1), Respondent still has not presented any evidence

16   establishing that the prosecution disclosed to Petitioner's defense counsel the dog

17   scent evidence at issue here or otherwise rebutting the declaration from Petitioner's

18   trial counsel stating that he had no recollection of receiving the evidence.  *See Hart*

19   *v. Broomfield*, No. CV 05-03633 DSF, 2020 WL 4505792, at *53 (C.D. Cal.

20   Aug. 5, 2020) ("Where the proponent of a *Brady* claim produces 'some evidence to

21   support an inference that the government possessed or knew about material

22   favorable to the defense and failed to disclose it,' the burden shifts to the

23   government to show that all *Brady* material was turned over.") (quoting *United*

24   *States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009).  Accordingly, Respondent has

25   given the Court no reason to believe that further litigation through an evidentiary

26   hearing would uncover evidence of disclosure that up to this point has not been

27   discovered.  To the extent that Respondent is reversing the apparent concession in

28   the Answer that the dog scent evidence was not disclosed (*see* Dkt. 26 at 14-17),

3

1   the Court's *Brady* analysis remains unchanged.  As explained in the Report and

2   Recommendation, the record establishes that that evidence was favorable to

3   Petitioner, the prosecution failed to disclose it, and the evidence was material.

4   (Dkt. 75 at 31-39.)

5           Accordingly, it is hereby **ORDERED** as follows:

6           1.      The Report and Recommendation is **APPROVED** and **ACCEPTED**.

7           2.      Judgment shall be entered granting the First Amended Petition;

8   directing that a conditional writ of habeas corpus shall be issued; ordering

9   Respondent to release Petitioner from custody and to discharge him from all

10  adverse consequences of his conviction in Los Angeles County Superior Court

11  Case No. KA061553, unless Petitioner is brought to retrial within sixty (60) days

12  of the date that Judgment becomes final; and directing Respondent to file and to

13  serve a notice of compliance within sixty (60) days of the date that Judgment

14  becomes final.

15          3.      The Clerk is **DIRECTED** to serve copies of this Order on the parties.

16          **IT IS SO ORDERED.**

17

18  DATED:  March 10, 2022

19                                                  JOHN W. HOLCOMB
                                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4